IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


CLARISSE VASQUEZ,                         3:14-CV-01991-BR

       Plaintiff,                       OPINION AND ORDER

v.

CAROLYN W. COLVIN, Acting
Commissioner, Social Security
Administration,

       Defendant.


**GEORGE J. WALL**
1336 E. Burnside Street, Suite 130
Portland, OR 97214
(503) 236-0028

       Attorney for Plaintiff

**BILLY J. WILLIAMS**
Acting United States Attorney
**JANICE E. HEBERT**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1011

1 - OPINION AND ORDER

**GERALD J. HILL**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104-7075
(206) 615-2531

       Attorneys for Defendant

**BROWN, Judge.**

     Plaintiff Clarisse Vasquez seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's applications for Supplemental Security Income (SSI) under Title XVI and for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

     Following a review of the record, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter for the calculation and payment of benefits pursuant to Sentence Four, 42 U.S.C. § 405(g).

## ADMINISTRATIVE HISTORY

     Plaintiff protectively filed her applications for DIB and SSI on November 4, 2010, and January 26, 2011, and alleged a disability onset date of November 2, 2010.  Tr. 194-209.[1]  The

---

[1] Citations to the official transcript of record filed by the Commissioner on April 15, 2015, are referred to as "Tr."

2 - OPINION AND ORDER

applications were denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on February 5, 2013. Tr. 51-77. At the hearing Plaintiff was represented by an attorney. Plaintiff and a vocational expert (VE) testified.

The ALJ issued a decision on March 15, 2013, in which he found Plaintiff not disabled. Tr. 34-43. That decision became the final decision of the Commissioner on October 14, 2014, when the Appeals Council denied Plaintiff's request for review. Tr. 1-5. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On December 12, 2014, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's decision that Plaintiff was not disabled from November 2, 2010, to November 30, 2013. On April 16, 2015, Plaintiff was found disabled from January 5, 2015, to the present on a subsequent application. Accordingly, in this action Plaintiff challenges the Commissioner's finding that she was not disabled for the closed period of November 2, 2010, through November 30, 2013.

## BACKGROUND

Plaintiff was born in February 1960 and was 50 years old on her alleged onset date. She completed two years of college and has past relevant work as a care-giver and as an assembler. Tr. 42.

Plaintiff alleges disability due to "bipolar, manic

3 - OPINION AND ORDER

depressive, arthritis, shoulder pain, diabetes, neuropathy in both feet, infections on legs and toes." Tr. 224.

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla [of evidence]

but less than a preponderance.  *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).  The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY EVALUATION

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  20 C.F.R. §§ 404.1520(a0(4)(I), 416.920(a)(4)(I).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe

impairment or combination of impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations.  20 C.F.R. §§ 404.1520(e), 416.920(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the

6 - OPINION AND ORDER

Commissioner determines the claimant retains the RFC to perform work she has done in the past.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since her November 2, 2010, onset date.  Tr. 36.

At Step Two the ALJ found Plaintiff has severe impairments of diabetes, neuropathy, and bipolar disorder.  *Id.*

At Step Three the ALJ determined Plaintiff's impairments did

7 - OPINION AND ORDER

not equal in severity a listed impairment and found Plaintiff retained the RFC to perform light work with simple repetitive tasks in a nonpublic work environment with minimal interaction with coworkers and supervisors.  Tr. 38.

At Step Four the ALJ found Plaintiff could not return to her past relevant work as a care giver or assembler.  Tr. 42.

At Step Five the ALJ found Plaintiff was capable of performing other work, including small-parts assembler and garment-folder.  Tr. 43.

## DISCUSSION

Plaintiff contends the ALJ erred by (1) finding Plaintiff's testimony was less than fully credible; (2) failing to develop the record regarding her hands; and (3) failing to consider her obesity and its effect on her ability to stand or walk.  In addition, Plaintiff contends the Appeals Council erred in finding that substantial evidence supports the ALJ's decision.

**I.   The ALJ erred when he found Plaintiff's testimony less than fully credible.**

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995).  *See also Vasquez v. Astrue,* 547 F.3d 1101, 1104 (9th Cir. 2008).  The ALJ's findings, however, must be supported by

specific, cogent reasons. *Reddick v. Chater,* 157 F.3d 715, 722 (9th Cir. 1998). *See also Holohan v. Massanari,* 246 F.3d 1195, 1202 (9th Cir. 2001). Unless there is affirmative evidence that shows the claimant is malingering, the Commissioner's reason for rejecting the claimant's testimony must be "clear and convincing." *Id.* The ALJ must identify the testimony that is not credible and the evidence that undermines the claimant's complaints. *Id.* The evidence upon which the ALJ relies must be substantial. *Id.* at 724. *See also Holohan,* 246 F.3d at 1208. General findings (*e.g.*, "record in general" indicates improvement) are an insufficient basis to support an adverse credibility determination. *Reddick,* 157 F.3d at 722. *See also Holohan,* 246 F.3d at 1208. The ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony. *Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir. 2002).

When deciding whether to accept a claimant's subjective symptom testimony, "an ALJ must perform two stages of analysis: the *Cotton* analysis and an analysis of the credibility of the claimant's testimony regarding the severity of her symptoms." *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996).

> Under the *Cotton* test, a claimant who alleges disability based on subjective symptoms "must produce objective medical evidence of an under-lying impairment which could reasonably be

9 - OPINION AND ORDER

>     expected to produce the pain or other symptoms
>     alleged." *Bunnell,* 947 F.2d at 344 (quoting
>     42 U.S.C. § 423(d)(5)(A) (1988)); *Cotton,* 799
>     F.2d at 1407-08.  The *Cotton* test imposes only
>     two requirements on the claimant:  (l) she must
>     produce objective medical evidence of an
>     impairment or impairments; and (2) she must
>     show that the impairment or combination of
>     impairments *could reasonably be expected to*
>     (not that it did in fact) produce some degree
>     of symptom.

*Smolen,* 80 F.3d at 1282.  See also *Carmickle v. Comm'r Soc. Sec. Admin.,* 533 F.3d 1155, 1160 (9th Cir. 2008).

### A.  The Medical Evidence

Plaintiff testified she was able to stand for three-to-five minutes and that she walked best with a walker.  Tr. 63.  She stated she experienced pain from bilateral neuropathy and chronic sores on her feet.  *Id.*  Plaintiff testified she "trip[s] a lot" from the neuropathy.  Tr. 60.

The ALJ found Plaintiff's statements as to the severity of her impairments less than fully credible and found Plaintiff could stand and walk for up to six hours in an eight-hour workday.  Tr. 41.  The ALJ noted "physical examination" findings that did not substantiate Plaintiff's alleged limitations. Tr. 39-41.  "Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis."  *Burch v. Barnhart,* 400 F.3d 676, 681 (9th Cir. 2005).

The ALJ noted the March 2011 opinion of Phong T. Dao, D.O.,

examining physician. Tr. 330-36. Dr. Dao found Plaintiff had "[g]ood tone bilaterally, with good active motion" and her strength was normal at "5/5 in all extremities." Tr. 334. Dr. Dao also noted Plaintiff had decreased sensation to light touch on her feet and toes, but her gait was "within normal limits" and she "ambulated without any limping and without any assistive device." *Id.* Dr. Dao found Plaintiff could stand or walk for six hours in an eight-hour workday.

Plaintiff, however, points to the objective medical evidence that she was diagnosed as obese and the October 2011 examination by John Edward Broom, M.D., who found "bilateral foot neuropathy up to mid shin, wobbly gait." Tr. 633. Plaintiff also cites the March 28, 2011, examination in which Dr. Dao found (based on a x-ray) degenerative right-knee joint disease and moderate osteoarthritis in the right knee. Tr. 335. Plaintiff also notes repeated evidence of chronic open sores on her legs and feet. *See* examining provider Lisa Davenport, P.A.-C.(foot ulcers, cellulitis of shins), Tr. 313; P.A. Davenport (cellulitis), Tr. 322; examining physician Saifullah Nizamani, M.D. (large wounds on both legs), Tr. 420; examining provider Matya Cooksey, F.N.P. (leg wounds), Tr. 532; examining physician Jonathan Baker, M.D. (foot ulcers, infectious enteritis), Tr. 538; examining provider Renaldo Barrios, N.P. (open sores on both feet, avoid walking long distances), Tr. 543; Nurse Barrios (markedly

11 - OPINION AND ORDER

decreased sensation to plantar surfaces of toes), Tr. 540.

On this record the Court concludes Dr. Dao's opinion that Plaintiff can stand and walk for six hours in an eight-hour day is not a legally sufficient reason for finding Plaintiff's testimony less than fully credible in light of substantial medical evidence in the record that contradicts Dr. Dao's opinion. In addition, Plaintiff's testimony that she trips a lot is verified by the fact that she fell the day after the hearing and broke her ankle. Tr. 655.

### B. Failure to Take Pain Medication

The ALJ found Plaintiff's "use of medications" does not "suggest" her symptom testimony is true because she does not take narcotic pain-killers. Plaintiff contends this reasoning fails because she is limited to sedentary work and her physical pain is caused by standing and walking. Although Plaintiff does not take narcotic pain-killers, the record indicates Plaintiff was prescribed the non-opioid pain medication Neurontin. Tr. 485, 498, 507.

On this record the Court concludes the fact that Plaintiff did not take stronger pain medication is not a legally sufficient reason for the ALJ to find Plaintiff's testimony was less than fully credible.

### C. Reason to Stop Working

The ALJ noted Plaintiff testified that she lost her job

12 - OPINION AND ORDER

because she was unable to concentrate, but she reported to examining psychiatrist Gregory Nicholson, M.D., that she was terminated from her last job for playing on the computer rather than because of her medical impairments. Tr. 40, 343.

Although an ALJ may consider whether a claimant's separation from work is unrelated to an alleged disabling condition (*Tommasetti v. Astrue,* 533 F.3d 1035, 1040 (9th Cir. 2008)), the Court concludes on this record that the reason for losing her last job is not a legally sufficient reason for finding Plaintiff's testimony was not credible as a whole.

**D. Activities of Daily Living**

The ALJ found the evidence of Plaintiff's daily activities suggested a greater level of functioning than her alleged limitations. Tr. 40, 232-35.

"While a claimant need not vegetate in a dark room in order to be eligible for benefits, the ALJ may discredit a claimant's testimony when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting." *Molina,* 674 F.3d at 1112-13 (citations and internal punctuation omitted). Evidence of a claimant's activities that conflict with a claimant's alleged symptoms supports an adverse credibility determination, regardless of whether the activities demonstrate that the claimant can work. *Molina,* 674 F.3d at 1113.

13 - OPINION AND ORDER

Plaintiff reported that she walked her dog, fed and watered her cat, prepared meals on a daily basis, cleaned, washed laundry, drove a car, shopped for groceries and clothes, and went out daily. The only identified activity clearly inconsistent with Plaintiff's testimony that she can only stand for three-to-five minutes is shopping.

In summary, on this record the ALJ's reasons for finding Plaintiff's testimony not credible are not clear and convincing, and the ALJ's determination that Plaintiff is less than fully credible is not supported by substantial evidence in the record.

**II.   The ALJ failed to develop the record.**

Plaintiff broke her wrist in June 2012. Tr. 536. The surgical repair failed, and she had a second surgery on August 21, 2012. Tr. 579, 608-10. On September 16, 2012, Plaintiff's physicians described her as "doing well" and recommended conservative treatment with range-of-motion exercises "as tolerated." Tr. 610. Plaintiff did not seek further care for her left wrist.

Plaintiff testified at the hearing that she would have "trouble assembling parts" because of her wrist surgery and had been told she would have "full arthritis" within a year or so. Tr. 75-76.

The Commissioner bears the burden of developing the record. *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991). *See also*

14 - OPINION AND ORDER

*Mayes,* 276 F.3d at 459. The duty to develop the record is triggered when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *Id.* The ALJ is required to seek additional evidence if the evidence already in the record favors the claimant. *Lewis v. Apfel,* 236 F.3d 503, 514-15 (9th Cir. 2001).

The ALJ found Plaintiff retained the capacity to work as a small-parts assembler (*DOT* No. 929.587-010) and garment-folder (*DOT* No. 789.687-066). The *Dictionary of Occupational Titles* defines No. 929.587-010 as Nut-and-Bolt Assembler:

> Couples and packages nuts and bolts. Screws nut on bolt by hand and holds nut in chuck of nut-turning machine that spins and tightens nut on bolt. Weighs or counts specified amounts of nuts and bolts, and records number of units on production form. Pushes box or carton along bench or onto conveyor. May tie long bolts into bundles, using wire. May feed nuts and bolts into hopper of machine that automatically couples and packages nuts and bolts.

Garment Folder is defined as:

> Folds garments for bagging or boxing, following guide marks on table or using folding board (cardboard or metal form). Secures folds with metal clips. May insert tissue paper between folds. May make final inspection of garment. May pack garments in bags and boxes {Packager, Hand (any industry)]. May be designated according to garment folded as Shirt Folder (Garment; knitting).

Plaintiff contends the jobs identified by the ALJ require repetitive use of the hands, and the failed surgical repair of

15 - OPINION AND ORDER

her hand is objective medical evidence that she has limitations in the use of her hand. Plaintiff also testified she would have trouble folding garments due to shoulder pain arising from shoulder surgery seven years ago. Tr. 75. The only evidence in the record regarding Plaintiff's wrist, hand, or shoulder limitations is her testimony, and that evidence favors Plaintiff. The ALJ noted Plaintiff's history of wrist surgeries, but he concluded the "record does not indicate this condition would preclude the claimant's ability to work and the undersigned concludes it is nonsevere." Tr. 40-41.

On this record the ALJ erred by failing to develop the record as to any limitations Plaintiff may have with her hand, wrist, or shoulder.

**III. Consideration of Plaintiff's Obesity in Evaluating her RFC**

Plaintiff contends the ALJ erred by failing to consider her obesity as a severe impairment at Step Two and failing to account for it in his evaluation of her RFC.

"[T]he step-two inquiry is a *de minimis* screening device to dispose of groundless claims." *Smolen,* 80 F.3d at 1290. Because the ALJ proceeded beyond Step Two, the ALJ's failure to mention obesity at Step Two is harmless error. *See Molina,* 674 F.3d at 1115 (citing *Carmickle,* 533 F.3d at 1162).

SSR 02-01p, "Evaluation of Obesity," was enacted to ensure that obesity is fairly evaluated even though it is no longer a

listed impairment.  SSR 02-01p provides the Commissioner must consider the effects of obesity at every step of the evaluation.

Plaintiff is 5'6" tall and weighed between 195 and 210 pounds during the relevant period.  She was diagnosed as obese and told that weight loss would help with her knee pain. Tr. 530, 535, 547.  Plaintiff, nevertheless, contends her obesity contributed to her limitations of standing and walking and should have been considered in the evaluation of her RFC.

The ALJ did not mention Plaintiff's obesity, and, therefore, the record does not reflect the ALJ considered Plaintiff's obesity as a factor when he evaluated Plaintiff's RFC.  Tr. 34-43.

The Commissioner, nevertheless, argues the ALJ reasonably accommodated Plaintiff's conditions, including obesity, by limiting her to light level work.  As noted, however, there is not any evidence in the record that the ALJ considered Plaintiff's obesity when he evaluated Plaintiff's RFC.

On this record, therefore, the Court concludes the ALJ erred when he did not indicate in the record that he considered Plaintiff's obesity when he evaluated her RFC.

**IV. The Appeals Council did not err when it deemed Plaintiff's new evidence to be irrelevant to the ALJ's March 15, 2013, decision.**

Plaintiff submitted to the Appeals Council new evidence dated September 24, 2013, that she underwent amputation of her

17 - OPINION AND ORDER

right leg below the knee as a result of her broken ankle.  Tr. 2, 7.  The Appeals Council found this new evidence occurred after the ALJ's March 15, 2013 decision, and, therefore, did not affect the ALJ's decision regarding whether Plaintiff was disabled on or before March 15, 2013.  Tr. 2.

    Plaintiff, however, argues this evidence demonstrates why she was limited to sedentary work throughout the relevant period.  According to Plaintiff, her lower legs and feet were numb so she was prone to fall, and her injuries were prone to infection because she had diabetes with neuropathy.  Plaintiff contends such a person cannot stand or walk in the workplace for six hours a day, five days a week.

    Defendant, in turn, argues the new evidence occurred after the ALJ's March 15, 2013, decision and, therefore, did not affect the ALJ's decision as to whether Plaintiff was disabled on or before March 15, 2013.

    On this record the Court concludes the Appeals Council did not err when it found the evidence of Plaintiff's subsequent amputation of her leg was not relevant to the period prior to March 15, 2013.

### REMAND

    The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely

utility of further proceedings.  *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000).  When "the record has been fully developed and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits."  *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

The decision whether to remand this case for further proceedings or for the payment of benefits is a decision within the discretion of the court.  *Harman*, 211 F.3d 1178.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed."  *Id*.  The Court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting . . . evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.*  The second and third prongs of the test often merge into a single question:  Whether the ALJ would have to award benefits if the case were remanded for further proceedings.  *Id.* at 1178 n.2.

The Court has determined the ALJ erred when he found Plaintiff's testimony less than fully credible; when he failed to develop the record regarding any functional limitations of Plaintiff's hand, wrist, and shoulder; and when he failed to

19 - OPINION AND ORDER

consider Plaintiff's obesity.  If credited, Plaintiff's testimony establishes Plaintiff was limited to sedentary work and because she was over age 50 without transferable skills, she, therefore, was disabled according to the Medical-Vocational Guidelines Rule 201.00.  Rule 201.00, 20 C.F.R., Pt. 404, Subpt. P, App.2, Medical-Vocational Guidelines.  Thus, the Court concludes Plaintiff was disabled from November 2, 2010, through November 30,2013, based on this medical record and that no useful purpose would be served by a remand of this matter for further proceedings.  *See Harman*, 211 F.3d at 117.

## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter to the Commissioner pursuant to Sentence Four, 42 U.S.C. § 405(g), for the immediate calculation and payment of benefits to Plaintiff.

IT IS SO ORDERED.

DATED this 16th day of November, 2015.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

20 - OPINION AND ORDER